No. 8409.

37 915
46 1495

PALMER DICKSON *et al.* VS. H. P. DICKSON *et als.*

Whilst a mortgage given by the widow in community during her administration of her
deceased husband's succession, is not null, yet, it can have no effect beyond her
actual interest in the property, determinable upon a settlement of the community
Such mortgage considered under the circumstances of this case.

APPEAL from the Second District Court, Parish of Bossier.

[NOTE OF THE REPORTER.—The following opinion was delivered, on rehearing, in May
1884, at New Orleans, where the case, at first decided at Shreveport, had been removed by
consent of parties. The original opinion is reported in 33 Ann., 1244. The present opinion
was, by mistake, omitted from the 36th Annual.]

ON REHEARING.

The opinion of the Court was delivered by

TODD, J. Our previous decree was passed upon the decisions of our
immediate predecessors, in the cases of Cestac vs. Florance, 31 Ann.,
493; Durham vs. William, 32 Ann., 162.

A further examination of those decisions and the authorities, which
sustain them satisfies us that they only go to the extent of declaring
that a widow in community cannot, whilst the succession is still under
administration, and *before its debts* are paid, execute a valid mortgage
on any specific property of the succession, to the prejudice of
creditors of the succession. And were the question an open one, we
might adhere to our previous decision, which was to the effect, that
even in the absence of the conditions, she could not give a valid mort-
gage on any specific property of a succession, though personally inter-
ested therein to the extent of her community interest.

This case differs from the ones cited, in this, that though the admin-
istratrix, who is the widow in community, had not been discharged,
yet, in point of fact, all the debts of the succession and the community
had been paid long before the date of the mortgage, and there were
no creditors, therefore, who could be prejudiced by her acts.

Under this state of facts it had repeatedly been held that the widow
in community could bind by mortgage her interest in any property
under her administration, or that such interest was the legitimate sub-
ject of a sale and mortgage. Heckman vs. Thompson, 24 Ann., 264;
Same vs. same, 26 Ann., 260; Courcey vs. Clark, 7 L., 157; Preston
vs. Humphreys, 5 R., 219; R. C. C., 2650–3289.

Whilst, therefore, a mortgage given by the widow in community,
during her administration of her deceased husband's succession, is not

null, yet, at the same time, it can have no effect beyond her actual interest in the property, determinable upon a settlement of the community.

It is true that the widow's interest in the community rests upon the death of the husband, but subject to the payment of the community debts, and, therefore, not to be ascertained till a final settlement. It would thence follow that where a mortgage is given to a certain number of heirs, to secure a liability which the administration is under alike to all the heirs, resulting from her acts as administratrix, the giving of the mortgage could not confer a preference on the mortgagees over the other heirs. They are entitled to share alike, and no act or attempt to favor one or more heirs to the prejudice of the others can have such effect.

To this extent and limit, the operation of the mortgage may seem to strip it of all effect, and virtually pronounce it a nullity. This may be true, as relates to the heirs, but the mortgage is not without effect as to other persons. For instance, the mortgage in question would prevail and have precedence over any mortgage that the mortgagor might execute subsequently, in favor of a creditor or other person.

With these views, and whilst expressly limiting the legal effect of the mortgage attacked in accordance therewith, we think our previous decision ordering its cancellation as an absolute nullity must be set aside.

It is, therefore, ordered, adjudged and decreed that the decree heretofore rendered be set aside, and it is now ordered, adjudged and decreed that the plaintiffs' demand be rejected, with costs of both courts.

Manning, J., takes no part.